UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

      vs.                                           Case No. 1:23-cr-00098-MTS (ACL)

**ANTONY M. GRAZIANO,**

   Defendant.

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion to Dismiss Indictment as to Counts II and III, Doc. [36], and Defendant's Motion to Suppress Evidence and Statements, Doc. [35]. The Court referred Defendant's Motions to United States Magistrate Judge Crites-Leoni. See 28 U.S.C § 636(b). After an evidentiary hearing regarding the motion to suppress, Judge Crites-Leoni took the matter under advisement. Two Reports and Recommendations were filed by Judge Crites-Leoni, Doc. [56], recommending the denial of the Motion to Dismiss Indictment as to Counts II and III[1], and Doc. [55], recommending denial of the Motion to Suppress Evidence and Statements. Defendant filed Objections to the Report and Recommendation recommending denial of the Motion to Suppress Evidence and Statements, Doc. [61], the United States filed a Response, Doc. [63], and Defendant filed a Reply, Doc. [64]. The matter is now ripe for ruling.

The Court has conducted a de novo review of the entire record and will: (1) overrule Defendant Antony M. Graziano's Objections, Doc. [61], regarding Defendant's Motion to Suppress Evidence and Statements, Doc. [55], and (2) sustain, adopt, and incorporate Judge Abbie Crites-Leoni's Reports and Recommendations, Docs. [55] and [56].

---

[1] No objections were made to the Report and Recommendation recommending denial of the Motion to Dismiss Indictment as to Counts II and III. Doc. [56].

## I. Standard

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").

## II. Factual Findings

After a complete review of the record, the Court finds that Judge Crites-Leoni thoroughly set forth the relevant facts in the Report and Recommendation recommending denial of Defendant's Motion to Suppress Physical Evidence and Statements. Therefore, the Court adopts and incorporates Judge Crites-Leoni's factual findings in the Report and Recommendation, Doc. [55], and will not repeat them here.

## III. Discussion

Defendant objects to the Report and Recommendation, claiming that Detective Travis Sikes' Affidavit was facially insufficient to establish probable cause. Doc. [61]. Defendant argues that Judge Crites-Leoni considered "extraneous information not expressly contained in the Affidavit." *Id*. at 2. Defendant takes issue with Judge Crites-Leoni's findings regarding the information obtained from Rebecca Drury. Defendant maintains "the Affidavit itself is devoid of any information to support the magistrate's findings that the information was either first-hand or timely," "provides no indication as to the source of Drury's information," and that "Drury's statement regarding 'ghost guns' … lacks

2

any temporal context to indicate when any of that supposed conduct occurred." *Id*. at 3,4. Judge Crites-Leoni found that based upon the law and facts presented:

> The Affidavit provided indicia of reliability of the information provided by the informant. The informant was the girlfriend of Graziano and had been at his residence on the morning in question and verified that the fugitives were also present at that time. Her information was firsthand and timely. Surveillance video confirmed that one week earlier, the informant and Graziano picked the fugitives up from a restaurant in Cape Girardeau. Graziano confirmed that he had allowed the fugitives to stay at his residence. The informant gave specific details to law enforcement about actions Graziano took while the fugitives stayed at his residence, including destroying their cell phones, providing them with a new one, and instructing the fugitives to remain at his residence. The informant's statements were made in-person to law enforcement at a law office providing Det. Sikes with the ability to gauge the informant's credibility. Furthermore, the informant's statements were against her penal interest as she confirmed she had taken part in concealing the whereabouts of the fugitives after picking them up from the restaurant. Finally, as the girlfriend of Graziano, the informant had witnessed various activities related to assembly and storage of firearms at Graziano's residence. She was also familiar with the fact Graziano had been convicted of a felony and served time in Idaho.

Doc. [55] at 16-17. This Court agrees that the information provided to law enforcement by Drury had sufficient indicia of reliability in a myriad of ways as set forth in the Report and Recommendation, and "standing alone, supplied sufficient probable cause for issuance of the search warrant." *See* Doc. [55] at 14-18.

Defendant also objects to the Report and Recommendation, based upon *Franks v. Delaware*, 428 U.S. 154 (1978), claiming that Det. Sikes either intentionally or recklessly included false information in his affidavit related to: 1) the location of the gun safe, and 2) information provided in the Affidavit regarding Defendant's criminal history.

In the Affidavit, Det. Sikes stated that Sergeant James Malugen observed a large gun safe in Defendant's bedroom. As it turned out, the gun safe was situated in the bedroom of Defendant's father. Judge Crites-Leoni concluded that the inaccurate statement in the Affidavit regarding the location of the gun safe was a simple mistake. "Sgt. Sikes believed that the Affidavit was truthful at the time he swore to it, and that Graziano's revelation that his father owned the gun safe did not

3

negatively impact his belief that there was probable cause to search Graziano's residence." *Id*. at 22.

Defendant also claims that Det. Sikes misrepresented in the Affidavit that an "Idaho criminal history revealed that Graziano was convicted of the felony of delivery of a controlled substance on June 6th, 20ll." Doc. [41-2] at 3.  The Report and Recommendation detailed the extensive history of Defendant's 2011, plea of guilty, execution of sentence, and probation for the felony offense of Delivery of a Controlled Substance in Idaho. Doc. [55] at 11-12. In 2021, Defendant successfully petitioned the Idaho court to reduce the judgment of conviction to a misdemeanor. Doc. [40-1] at 70.[2]

The Report and Recommendation outlined how Det. Sikes came to use this information in the Affidavit. Defendant described himself as a felon during his first interaction with law enforcement at his residence, and that information was corroborated later that day by Drury, who advised that she knew Defendant was a felon who had served prison time. Det. Sikes ultimately did a records check and found record of the Idaho conviction and stated in the Affidavit that an "Idaho criminal history revealed that Graziano was convicted of the felony of delivery of a controlled substance on June 6th, 2011, and sentenced to two years Idaho DOC." Doc. [41-2] at 3.

Judge Crites-Leoni noted that "[t]he MULES report contains 30 lines of information related to Graziano's conviction for felony delivery of a controlled substance," and that "[a] quick read of those 30 lines, especially the description of a combined five-year sentence would lead a reasonable person to believe Graziano had been convicted of a felony." Doc. [55] at 21. As noted in the Report and Recommendation, Det. Sikes' inclusion of the statement in the Affidavit was either at most negligence or an innocent mistake, neither of which is sufficient to trigger relief under *Franks*.  *See United States v. Stevens*, 530 F.3d 714, 719 (8th Cir. 2008) (affiant officer was at most negligent in including inaccurate information regarding defendant's criminal history when it had been "hastily gathered" and was complex). It must also be noted that Drury informed law

---

[2] The Government voluntarily dismissed Count I, the felon in possession charge. The legal question concerning whether Defendant is a felon and if that would affect Defendant's ability to lawfully possess firearms has not been resolved. *See* Doc. [40] at 4-11.

4

enforcement about the likelihood Defendant possessed firearms, that he had firearm parts shipped to his residence to create automatic weapons, that a person traveled to Defendant's residence to assist in the assembly of the weapons, and that he possessed "ghost guns." Doc. [41-2] at 3. Regardless of whether Defendant was not allowed to possess firearms due to his status as a felon, the Affidavit listed hindering an investigation, tampering with evidence, and unlawful possession of firearms as offenses that were currently under investigation. *Id*. at 1.

Judge Crites-Leoni found that "[t]here is no indication that there was any intent on the part of either Det. Sikes or Sgt. Malugen for a false statement to be included in the Affidavit or that they recklessly caused a false statement to be contained in the Affidavit," and that she observed the demeanor of all the officers while testifying at the evidentiary hearing and found them to be forthcoming and candid in their responses to questions, concluding that the officers were credible witnesses. Doc. [55] at 21-22. This Court agrees with Judge Crites-Leoni's determination that, even if the information about the gun safe and Defendant's criminal history were deleted, the Affidavit established probable cause given the totality of the circumstances. *Id*. at 22.

Finally, Defendant objects to the Report and Recommendation claiming that it mischaracterized his argument concerning the fact that the gun safe was actually not located in Defendant's bedroom. Defendant argues that the location of the gun safe was critical to *the issuing judge's* probable cause determination rather than *the officer's belief* that there was probable cause, and that this new information concerning the gun safe undercut the existing warrant's validity, requiring the officers to "obtain a new probable cause determination from a neutral magistrate regardless of the other information also available to the officers at the time." Doc. [61] at 14. (emphasis added). Judge Crites-Leoni stated in a footnote that "Graziano's claim that this revelation eliminated the *officers' belief* there was probable cause to support the Search Warrant is unfounded and warrants no discussion." Doc. [55] at 20. (emphasis supplied). Either way, Judge Crites-Leoni appropriately concluded that the objection should be summarily denied. As stated previously, even

5

without the information regarding the safe, the Affidavit supported a finding of probable cause by the issuing judge.[3] It is also worth noting Judge Crites-Leoni's finding that, "[p]rior to the execution of the Search Warrant, although Graziano did not know the combination to the safe, he did acknowledge storing controlled substances within it." Doc. [55] at 20.[4]

**IV.   Conclusion**

Upon a de novo review of the entire record, this Court finds that Judge Crites-Leoni properly paid great deference to the probable cause determination of the issuing judge and found that the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of a search warrant. Judge Crites-Leoni also found Det. Sikes' testimony at the evidentiary hearing was credible and that the issuing judge appropriately relied on Det. Sikes' personal observations, investigative training, and substantial law enforcement experience in establishing the reliability of his opinion. This Court agrees with Judge Crites-Leoni's Report and Recommendation recommending denial of Defendant's Motion to Suppress Evidence and Statements.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni, Doc. [56], recommending the denial of the Motion to Dismiss Counts II and III of the Indictment, Doc. [36], is **SUSTAINED, ADOPTED, AND**

---

[3] "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois* v. *Gates,* 462 U.S. 213, 238 (1983).

[4] As stated in the Government's Response to Defendant's Objections: When police secured Graziano's residence before the search commenced, several officers went to the rear of the residence as it was being secured. Graziano was located in the backyard standing next to a table near the pool-house. He was with the two fugitives. Several items were on top of the table, including: a firearm described as a ZP5.4 9mm semi-automatic pistol with no serial number, along with a 30-round magazine; a plastic Ziploc bag containing a white powdery substance that later field-tested positive for cocaine; a pill bottle bearing Graziano's name containing a white powdery substance; a blonde wig; and electric cutting shears. Tr. 95-96; Gov't Exh. 4-16. There was also a large pile of hair on the ground near the table. The fugitives were placed under arrest for the outstanding warrants, and Graziano was arrested for harboring the fugitives. Before the search began, Graziano admitted that the substance found on the table in the backyard was cocaine and that it belonged to him. Doc. [63] at 16.

6

**INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment, Doc. [36], is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni, Doc. [55], recommending the denial of the Motion to Suppress Physical Evidence and Statements, Doc. [35], is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Physical Evidence and Statements, Doc. [35], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Objections to the Report and Recommendation on the Motion to Suppress Physical Evidence and Statements of the Magistrate Judge, Doc. [61], are **OVERRULED**.

Dated this 7th of February, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE